IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:19cr342-WKW1-SRW |
| | ) | [18 U.S.C. § 922(g)(1) |
| MOZELL DEANTONIO WITHERS | ) | 21 U.S.C. § 844] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

COUNT 1
(Possession of a Firearm by a Convicted Felon)

On or about August 12, 2018, in Montgomery County, within the Middle District of Alabama, the defendant,

MOZELL DEANTONIO WITHERS,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Ruger LCP .380 caliber handgun and live ammunition, and the firearm was in and affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT 2
(Violation of the Controlled Substance Act)

On or about August 12, 2018, in Montgomery County, within the Middle District of Alabama, the defendant,

MOZELL DEANTONIO WITHERS,

did knowingly possess a controlled substance, to wit: a mixture and substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 844(a).

## FORFEITURE ALLEGATION-1

A.  The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

B.  Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(g)(1) set forth in Count 1 of this Indictment, the defendant,

### MOZELL DEANTONIO WITHERS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses in violation of Title 18, United States Code, Section 922(g)(1). The property includes, but is not limited to, a Ruger LCP .380 caliber handgun and live ammunition.

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION-2

A. The allegations contained in Count 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 881(a) and Title 28, United States Code, Section 2461.

B. Upon conviction of the offenses in violation of Title 21, United States Code, Section 844(a), set forth in Count 2 of this Indictment, the defendant,

MOZELL DEANTONIO WITHERS,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 881(a) and Title 28, United States Code, Section 2461, all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 21, United States Code, Section 844(a). The property includes, but is not limited to, a Ruger LCP .380 caliber handgun and live ammunition.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 881(a) and Title 28, United States Code, Section 2461.

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Brandon W. Bates
Assistant United States Attorney

_____
R. Randolph Neeley
Assistant United States Attorney